IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY ALTON BRYANT,

    Petitioner,                                No. CIV S-09-CV-3462 GEB CHS P

    vs.

JOHN W. HAVILAND, et al.,

    Respondent.                             ORDER

_____/

        Petitioner, Rodney Alton Bryant, is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently serving an indeterminate sentence of fifteen years to life following his 1990 guilty plea to second degree murder in Sacramento County Superior Court. Here, Petitioner does not challenge the constitutionality of his conviction, but rather, the execution of his sentence and, specifically, the April 9, 2009 decision by the Board of Parole Hearings finding him unsuitable for parole.

        The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On January 4, 2011, the magistrate judge filed findings and recommendations herein which recommended that the petition be denied because there was "some evidence" in the record demonstrating that, at this time of his 2009 parole suitability hearing,

1

Petitioner posed an unreasonable risk of danger to society and was thus unsuitable for parole. *Hayward v. Marshall*, 603 F.3d 546, 562 (9th Cir. 2010) (citing *In re Rosenkrantz*, 29 Cal.4th 616 (2002)). On January 24, 2011, subsequent to the issuance of the findings and recommendations, the United States Supreme Court issued its opinion in *Swarthout v. Cook*, No. 10-333, slip op. at 6 (U.S. Jan. 24, 2011), holding that while California prisoners possess a state created, federally protected liberty interest in parole, California's "some evidence" requirement is not a component of that liberty interest. To the contrary, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in *Greenholtz*, specifically, "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Id*. at 4-5. *See also Greenholtz*, 442 U.S. at 16.

Accordingly, IT IS HEREBY ORDERED that the findings and recommendations filed January 4, 2011 are VACATED. New findings and recommendations are forthcoming.

DATED: January 27, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE